IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-89-BO-5
No. 7:16-CV-239-BO

| | |
|---|---|
| MARCO FLORES-ALVARADO, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 238, 241]. The government has moved to dismiss the petition, [DE 245], petitioner has responded, [DE 249], and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

## BACKGROUND

On October 24, 2012, petitioner pleaded guilty, without a written plea agreement, to conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (Count One) and possession with the intent to distribute more than 100 kilograms or marijuana and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two). [DE 89]. On June 6, 2013, the Court sentenced petitioner to life imprisonment on Count One and 480 months' imprisonment on Count Two, with the terms to run concurrently with each other. [DE 154, 155].

Petitioner appealed his judgment. [DE 157]. On March 3, 2015, the United States Court of Appeals for the Fourth Circuit vacated and remanded for resentencing. [DE 206]. On June 11, 2015, the Court resentenced petitioner to 210 months' imprisonment. [DE 227, 228]. Petitioner

did not appeal that judgment.

On June 30, 2016, petitioner filed the instant motion under 28 U.S.C. § 2255 seeking to vacate his sentence. [DE 238, 241]. Petitioner raises two challenges to the calculation of his advisory guideline range. First, he argues that his guideline range was calculated in violation of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). [DE 241 at 4]. Second (and related to the first claim), he argues that his due process rights were violated when his offense level was increased by two levels based on a firearms enhancement. [DE 241 at 5; DE 238 at 2]. The government responded, arguing that the motion should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 245].

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

2

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), provides for enhanced punishments for those offenders who have three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A violent felony is defined by the statute as any crime punishable by more than one year imprisonment that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause of ACCA's violent felony definition, which defines a violent felony to include one which "otherwise involves that presents a serious potential risk of physical injury to another." 135 S. Ct. 2557. The Court held that the residual clause is unconstitutionally vague and that to increase a defendant's sentence under that clause denies the defendant due process of law. *Id.* at 2557. In *Welch v. United States*, the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review. 136 S. Ct. 1257 (2016).

In contrast to the ACCA, the Supreme Court has held that the Federal Sentencing Guidelines, including U.S.S.G. § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017) ("Because they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge."). Moreover, the Fourth Circuit Court of Appeals has recognized that a challenge to the application of the sentencing guidelines is not cognizable in a § 2255 proceeding. *United States v. Foote*, 784 F.3d 931, 931 (4th Cir. 2015), *cert. denied* 135 S.Ct. 2850 (2015) ("[B]y its terms, § 2255 does not allow for a court's consideration and correction of

every alleged sentencing error."). A petitioner seeking relief under § 2255 must make one of four types of arguments:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. If the alleged sentencing error is neither constitutional nor jurisdictional, the district court lacks authority to review it unless it is "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333 (1974).

Petitioner fails to raise a cognizable claim under *Johnson* because the residual clause does not affect any aspect of his sentence. The calculation of petitioner's offense level did not turn on whether something was a crime of violence or any other term that was analogous to ACCA's residual clause. Petitioner did not receive any guidelines enhancements based upon a crime of violence. Therefore, the residual clause of the ACCA does not affect his sentence and his claim for resentencing under *Johnson* is without merit.

To the extent petitioner challenges the guidelines as being unconstitutionally void, such a challenge is without merit. *Beckles*, 137 S. Ct. 886. As a result, petitioner's motion amounts to a challenge to his advisory guideline range, and such a challenge is not cognizable on collateral review. *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015) (discussing *United States v. Foote*, 784 F.3d 931, 932–33 (4th Cir. 2015). Petitioner does not allege, nor is there any indication in the record, of such a miscarriage of justice that would warrant collateral review of his sentencing. Instead, it is axiomatic that "errors or guideline interpretation or application ordinarily fall short of a miscarriage of justice," *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999).

For these reasons, petitioner cannot state a claim upon which relief may be granted and his § 2255 petition is properly dismissed.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 245] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 238, 241] is DISMISSED. A certificate of appealability is DENIED. Petitioner's motion for extension of time to file a response [DE 248] is GRANTED.

SO ORDERED, this 17 day of May, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE